JUDGE CROTTY                11 CIV 3983

## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

PUERTO 80 PROJECTS, S.L.U.,

        Plaintiff,

      v.

United States of America and
Department of Homeland Security,
Immigrations and Customs Enforcement,

        Defendants.

Civil Action No.



## PUERTO 80 PROJECT'S
## PETITION FOR RELEASE OF SEIZED PROPERTY

## PARTIES

1.      Puerto 80 Projects, S.L.U. ("Puerto 80" or "Petitioner") is a Sole Shareholder Limited Liability Company incorporated under the laws of Spain with its principal place of business in Arteixo, Spain.  Igor Seoane Miñán is the founder and CEO of Puerto 80.

2.      Puerto 80 owns the rojadirecta.org and rojadirecta.com domain names (the "subject domain names").  The subject domain names were registered with GoDaddy.com, Inc., which is a United States company located in Scottsdale, Arizona.  The registry for all ".com" top-level domains (such as rojadirecta.com) is Verisign, Inc., 487 East Middlefield Road, Mountain View, CA 94043.  The registry for all ".org" top-level domains (such as rojadirecta.org) is the Public Interest Registry, 1775 Wiehle Avenue, Suite 200, Reston, VA 20190.  The ".org" domain is administered by Afilias USA, Inc. Building 3, Suite 105, 300 Welsh Road Horsham, PA 19044.

3.      Immigration and Customs Enforcement ("ICE") is the principal investigative arm of the U.S. Department of Homeland Security ("DHS") and the second largest investigative agency in the federal government.

## JURISDICTION AND VENUE

4.      This action involves a petition for the return of property seized by the government pursuant to 18 U.S.C. §§ 981 and 2323.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2), 1355 and 1395.

5.      Venue is proper in this District under 18 U.S.C. § 983(f)(3)(A) because the seizure warrants for the subject domain names were issued in this district.

## THE ROJADIRECTA SITE

6.      The Rojadirecta site, which operated under the subject domain names until they were seized by the government, hosts "forums" in which users can post messages concerning sports, politics, and other topics.

7.     The Rojadirecta site does not host copyrighted videos or streams of sporting events, and the government does not allege that it does.  It indexes links to streams of sporting events that can already be found on the Internet.

### THE GOVERNMENT'S SEIZURE OF THE SUBJECT DOMAIN NAMES

8.     On or about January 31, 2011, the government seized the subject domain names pursuant to 18 U.S.C. §§ 2323(a)(1)(A)-(B) and 18 U.S.C. § 981, based on warrants issued in this District on January 31, 2011.   Copies of the warrants are attached to the Declaration of Genevieve Rosloff in Support of Puerto 80's Petition for Release of Seized Property ("Rosloff Declaration") as Exhibit C.  The warrants were issued pursuant to the affidavit of ICE Special Agent Daniel M. Brazier.  Rosloff Decl. Ex. E.  In his affidavit, Mr. Brazier asserts that the subject domain names are subject to seizure and forfeiture pursuant to 18 U.S.C. § 2319(a), which provides that "[a]ny person who violates [17 U.S.C. §] 506(a) (relating to criminal [copyright] offenses)" is guilty of a crime.

9.     Puerto 80 was not notified of the seizure, and its owner did not find out that the domains had been seized until he visited them shortly after the seizure and saw that the domains no longer pointed to the Rojadirecta site.

### PUERTO 80'S EFFORTS TO OBTAIN RELEASE OF THE SUBJECT DOMAIN NAMES

10.     On February 3, 2011, counsel for Puerto 80 faxed a letter to the New York Office of ICE and the U.S. Attorneys' Office for the Southern District of New York, requesting immediate return of the subject domain names.  Rosloff Decl., Ex. A.

11.     Since February 3, Puerto 80 has undertaken substantial efforts to petition for the return of the subject domain names, including making numerous calls to ICE and the USAO, and raising the issue with Erik M. Silber, Deputy to the Intellectual Property Enforcement Coordinator in the Executive Office of the President during a meeting.

12.     Puerto 80 is incurring substantial hardship due to the government's seizure of the subject domain names and its failure to initiate formal forfeiture proceedings or take action on

Puerto 80's request for return of the subject domain names.  In particular, Puerto 80 is incurring an entire halt to all traffic to the subject domain names, loss of goodwill and the risk of permanently losing the users of the Rojadirecta site, and continuing infringement of its First Amendment rights.

**FIRST CAUSE OF ACTION**
**(Immediate Release of the Subject Domain Names Pursuant to 18 U.S.C. § 983(f))**

13.     Puerto 80 repeats and re-alleges the allegations of paragraphs 1-12 of the Petition as if fully set forth herein.

14.     Puerto 80 requested return of the property from the United States of America and ICE, which declined to return the property.

15.     Immediate return of the subject domain names is warranted because at least fifteen days have passed since Puerto 80 requested return of the property from the appropriate official, and because all of the conditions set forth in 18 U.S.C. § 983(f) are met.

16.     Puerto 80 is the lawful registrant and owner of rojadirecta.org and rojadirecta.com, and therefore has a possessory interest in the seized property.

17.     The subject domain names will remain under the control of the U.S. registries and registrars set forth in paragraph 2 herein at all times, and thus there is no risk that the domain names will not be available at the time of any eventual trial.   Unlike tangible property, a domain registrant's "ties to the community" does not play a role in assuring the availability of a domain name at trial, as there is no risk that a domain name can be hidden, destroyed, or otherwise made unavailable by the domain's registrant.

18.     The continued possession by the government pending the final disposition of forfeiture proceedings will cause Puerto 80 substantial hardship, including but not limited to, effectively preventing the functioning of Puerto 80's website in the United States and throughout a substantial part of the world and depriving it of lawful business.

19.     The continued possession of the subject domain names will substantially and irreparably harm the goodwill of the Rojadirecta site and drive its customers away, including by

3

preventing its registered users from accessing their user accounts from the subject domain names.

20.     The seizure constitutes an unlawful prior restraint on speech, in violation of Puerto 80's First Amendment rights, and Puerto 80 will continue to suffer a deprivation of its First Amendment rights if the property is not immediately returned.

21.     The hardship to Puerto 80 substantially outweighs risk that the subject domains will be destroyed, lost, concealed, or transferred.  The government's seizure of the domain names under which the Rojadirecta site operates has and will continue to impose a substantial financial hardship on Puerto 80 and will continue to violate Puerto 80's First Amendment rights.  These hardships far outweighs the risk that the subject domains will be destroyed, lost, concealed, or transferred, for the simple reason that the domain names *are not capable of being destroyed, lost, concealed, or transferred.*

22.     None of the conditions set forth in 18 U.S.C. § 983(f)(8) is present, as set forth in paragraphs 23-26, below.

23.     The government has not contended that the subject domain names are contraband.

24.     The activity that the government is asserting constitutes criminal infringement concerns material that is linked to from (though not hosted on) the website that operates under the subject domain names.  Thus, the domain name itself is not needed as evidence of a violation of the law.  However, even to the extent the government believes the domain names themselves will be needed as evidence, they will remain just as available as evidence even if returned to Puerto 80.

25.     The subject domain names are not "particularly suited" for illegal activities—they are simply domain names, which point to a website, just like any other domain name points to any other website.

26.     The government has not shown and cannot show that the site ever was used to commit a criminal act, much less that it will be in the future.   By hosting discussion forums and

linking to existing material on the Internet, Puerto 80 is not committing copyright infringement, let alone *criminal* copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, Puerto 80 prays,

A.     That this Court direct the United States of America and Department of Homeland Security, Immigration and Customs Enforcement to effectuate the immediate return of the rojadirecta.com and rojadirecta.org domain names to Puerto 80 by directing the domain names' registries and registrars to return and to make any changes necessary to reflect the return of the domain names to Puerto 80.

B.     That the Court set a hearing on this Petition at the earliest date convenient for the Court's calendar, and preferably no later than June 30, 2011, and further that the Court direct that the government's opposition papers, if any, be filed no later than June 23, 2011.

C.     That the Court allow *amicus* submissions on or before June 20, 2011 regarding the issues raised in this Petition.

D.     That this Court grant such other and further relief as it should deem just.

SPEARS & IMES LLP

Dated:  June 13, 2011            By:

David Spears
Charlita Mays
51 Madison Avenue, 25th Floor
New York, NY 10010
Tel.  (212) 213-6996
Fax  (212) 213-0849

Mark A. Lemley (*Pro Hac Application to be filed*)
Ragesh K. Tangri (*Pro Hac Application to be filed*)
Johanna Calabria (SBN JC3915)
Genevieve P. Rosloff (*Pro Hac Application to be filed*)

*Attorneys for Petitioner*
PUERTO 80 PROJECTS, S.L.U.

DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
415-362-6666

*Attorneys for Petitioner*
PUERTO 80 PROJECTS, S.L.U.