CV 3983

JUDGE CROTTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUERTO 80 PROJECTS, S.L.U.,<br><br>Plaintiff,<br><br>v.<br><br>United States of America and<br>Department of Homeland Security,<br>Immigration and Customs Enforcement,<br><br>Defendants. | Civil Action No.  |

**DECLARATION OF RAGESH K. TANGRI IN SUPPORT OF PUERTO 80'S PETITION FOR RELEASE OF SEIZED PROPERTY**

I, Ragesh K. Tangri, declare as follows:

1. I am an attorney with the law firm Durie Tangri LLP, counsel of record for petitioner Puerto 80 Projects, S.L.U. ("Puerto 80") in this matter. I have personal knowledge of the facts contained herein unless otherwise stated and, if called to testify, could and would competently testify thereto.

2. I am informed and believe that, on February 7, 2011, my colleague Mark Lemley met with Erik M. Silber, Deputy to the Intellectual Property Enforcement Coordinator in the Executive Office of the President, and raised the issue of the seizure of the Rojadirecta domain names. The following day, on February 8, 2011, Mr. Lemley emailed Mr. Silber to follow up on their conversation and confirm his request to be put in touch with appropriate authorities to discuss the seizure. Mr. Silber informed Mr. Lemley that he would try to speak with the appropriate authorities. No one from the government contacted Mr. Lemley or the Durie Tangri firm until the afternoon of Friday, February 11, after we gave notice of intention to seek expedited relief.

3. On February 11, 2011, my colleague Johanna Calabria and I spoke on the phone with Assistant U.S. Attorney ("AUSA") Christopher Frey, who had left a voicemail message with my colleague Genevieve Rosloff in response to an email she sent to AUSA Amanda Kramer. During that conversation, I advised Mr. Frey that Puerto 80 was suffering extreme hardship as a result of the government's seizure of the subject domain names. I asked Mr. Frey whether the government had taken any steps to act on our request for immediate return of the domain names pursuant to 18 U.S.C. § 983(f)(1), and whether there was any chance that we could have any meaningful dialogue concerning the disposition of our client's property. Mr. Frey replied that he was not in a position to comment.

1

4. On February 16, 2011, David Spears of Spears & Imes LLP (who is also serving as Puerto 80's counsel), sent an email to Sharon Levin, Chief of the Asset Forfeiture Unit in the United States Attorney's Office ("USAO") for the Southern District of New York at my request. In this email (on which I was cc'ed), Mr. Spears notified Ms. Levin of Puerto 80's intent to file a petition in district court on February 18, 2011 to recover the seized domain names.

5. On February 16, 2011, Ms. Levin responded that she was out of town but that David Miller, an attorney with the Asset Forfeiture Unit who was covering for her while she was out of town, would be available to speak with us regarding the seizures.

6. On February 17, 2011, Mr. Spears and I spoke on the phone with Mr. Miller and Mr. Frey. During this phone call, Mr. Miller and Mr. Frey sought to dissuade us from filing a petition in district court on behalf of Puerto 80. During this call the government informed Mr. Spears and I, for the first time, that administrative seizure notices had been issued pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"). Copies of those notices, which Mr. Spears forwarded to me from Mr. Frey, are attached hereto as Exhibit A.

7. On March 14, 2011 Mr. Spears and I met with attorneys from the USAO for the Southern District of New York. At this meeting we requested, and the government indicated a willingness, to engage in negotiations that would enable Puerto 80 to recover its domain names without having to resort to the judicial process. Following this meeting, Mr. Spears, others in my office including my colleague Johanna Calabria, and I continued to discuss with the USAO the return of my client's domain names.

8. On May 26, 2011, following weeks of negotiations, I am informed and believe that Mr. Frey informed Mr. Spears and my colleague, Johanna Calabria, that his office would not

agree to return the seized domain names unless Puerto 80 agreed not to host, or permit its users to link to, any unauthorized U.S. content anywhere on its sites anywhere in the world.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statement is true and correct. Executed this 12th day of June in San Francisco, California.

Ragesh K. Tangri

# EXHIBIT A



1100 Raymond Boulevard
Newark, NJ 07102

**CAFRA Seizure Notice**



**U.S. Customs and Border Protection**

CERTIFIED - RETURN RECEIPT REQUESTED

Case # 2011-1001-000392-01

Igor Seaone Minan
Avda Valle Inclan 41
Perillo A Coruna Spain

FEB 1 5 2011

Dear Sir/Madam:

This is to officially notify you that Immigration and Customs Enforcement seized the domain names described below at VeriSign, Mountain View, California on February 1, 2011:

ROJADIRECTA.COM

The appraised domestic value of the property is $ 7.00.

The property was seized and is subject to forfeiture under the provisions of Title 18, United States Codes (U.S.C), Section 2323 for facilitating the trafficking of counterfeit goods through an internet website, under 18 U.S.C. 981 and under 17USC506.

The facts available to CBP indicate that you might have an interest in the seized property. The purpose of this letter is to advise you of the options available to you concerning this seizure. Important documents are attached to this letter. Please do not ignore them. Those documents are an "Election of Proceedings" form and a "Seized Asset Claim Form." You should choose one of the options outlined below, indicate your choice on the Election of Proceedings form, and return it, and any other necessary documents, to CBP within the allotted time frame (see each option below). If you check Box 3 on the Election of Proceedings form, you will need to complete the Seized Asset Claim Form or otherwise file a complete claim for judicial forfeiture. Even if you are abandoning the property, you should complete the Election of Proceedings Form and return it to CBP.

Your options are as follows:

1. You may file a petition with this office for the remission of forfeiture within 30 days from the date of this letter in accordance with 19 U.S.C. 1618 and 19 CFR 171.11. The petition does not need to be in any specific form, but it must describe the property involved, identify the date and place of the seizure, include all the facts and circumstances which you believe warrant relief from forfeiture and must include proof of your interest in or claim to the property. All petitions and accompanying documents must be in the English language or accompanied by an English language

By completing Box 1 on the Election of Proceedings form, you are requesting administrative processing. You are requesting CBP **not** to begin forfeiture proceedings while your petition is pending, or to halt forfeiture proceedings if they have already commenced. However, if the matter has been referred to the United States Attorney for the institution of judicial forfeiture proceedings, your petition will be forwarded to the United States Attorney.

If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 30 days from the date of the initial decision, or 30 days from the date of the supplemental decision, to file a claim to the property requesting a referral to the U.S. Attorney. If you do not act within these time frames, the property may be forfeited to the United States. You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim. See section 5 of this letter for information on how to file a judicial claim. If you take such action, your petition will be considered to have been withdrawn.

If you request a referral to the U. S. Attorney, or if another person asserting an interest in the same property chooses a referral to the U. S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. 983(a)(3).

2. If the seized property is not prohibited entry into the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check, certified check, personal check drawn on a U.S. financial institution made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. 1614 and 19 CFR 162.44. If CBP accepts your offer, the property will be immediately released and the payment or letter of credit will be substituted for the seized property. You may still submit a petition, offer in compromise, or request the matter be referred to the U.S. Attorney's Office. The decision letter on your offer will provide you with the time frames for those options. All offers to pay the full appraised domestic value and accompanying documents must be in the English language or accompanied by an English language translation. They should be filed in duplicate. If you choose this option, you must check Box 1 on the Election of Proceedings form.

If, however, the matter has been referred to the U.S. Attorney for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney.

3. You may, within 30 days of this letter, file an offer in compromise in accordance with 19 U.S.C. 1617 and 19 CFR 161.5 and 171.31. The offer must specifically state that you are making it under the provisions of 19 U.S.C. 1617. If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check, certified check, personal check drawn on a U.S. financial institution made payable to CBP) in the amount of your offer. CBP may only consider the amount of your offer

and will return the full offer if it is rejected. This option may serve to delay the case. All offers in compromise and accompanying documents must be in the English language or accompanied by an English language translation. They should be filed in duplicate. If you choose this option, you should also check Box 1 on the Election of Proceedings form.

If the matter has been referred to the United States Attorney for the institution of judicial forfeiture proceedings, your offer will be forwarded to the United States Attorney.

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim to the property requesting a referral to the U. S. Attorney. If you do not act within the additional 30 days, the property may be forfeited to the United States. You may also request a referral to the U. S. Attorney at any point prior to the issuance of the offer decision. If you take such action, your petition or offer will be considered to have been withdrawn.

4. You may abandon the property or state that you have no interest in it. If you choose this option, you should check Box 2 on the Election of Proceedings form. The Government may proceed with forfeiture proceedings, or address claims from other parties concerning the property, without further involving you.

5. Judicial Proceedings. You may choose to file a claim to the property with this office pursuant to 18 U.S.C. 983(a)(2) by [date not less than 35 days after this notice of seizure is mailed], requesting referral of this matter to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. 983(a)(3). If you choose this option, you should check Box 3 on the Election of Proceedings form and FULLY COMPLETE the attached Seized Asset Claim form or otherwise submit a complete judicial claim as required by 18 U.S.C. 983(a)(2)(C).

6. You may choose to do nothing. If you take no action, this office may initiate forfeiture action.

If you are a holder of a lien or security interest and you do not file a request for judicial proceedings, as stated in option 5 above, you may avail yourself of any of the other options listed above. No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

No matter which box you check on the Election of Proceedings form, you should sign and return the form, along with your petition, offer, or claim (request for judicial proceedings) if those documents are necessary to support the option you chose (see explanation above of your options). A Seized Asset Claim form should only be

completed, signed, and returned if you make a claim and ask for the case to be referred for judicial forfeiture (Option 3 on the Election of Proceedings form).

All correspondence should be addressed to Ms. Lauren Goreczny of my staff at (973) 368-6068 or by Fax at (973) 368-6082.

Sincerely,

Edward P. Nagle
Director, Office of Fines, Penalties, and Forfeitures
Newark/New York Area

Enclosure: CAFRA Election of Proceedings

**A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 18 U.S.C. 1621, AND MAY BE PUNISHABLE BY A FINE AND IMPRISONMENT**

1100 Raymond Boulevard
Newark, NJ 07102

**CAFRA Seizure Notice**



**U.S. Customs and Border Protection**

CERTIFIED - RETURN RECEIPT REQUESTED

**Case # 2011-1001-000393-01**

GoDaddy.com Inc
14455 N Hayden Road Suite 219
Scottsdale AZ 85260

FEB 1 0 2011

Dear Sir/Madam:

This is to officially notify you that Immigration and Customs Enforcement seized the domain names described below at VeriSign, Mountain View, California on February 1, 2011:

ROJADIRECTA.COM

The appraised domestic value of the property is $ 7.00.

The property was seized and is subject to forfeiture under the provisions of Title 18, United States Codes (U.S.C), Section 2323 for facilitating the trafficking of counterfeit goods through an internet website, under 18 U.S.C. 981 and under 17USC506.

The facts available to CBP indicate that you might have an interest in the seized property. The purpose of this letter is to advise you of the options available to you concerning this seizure. Important documents are attached to this letter. Please do not ignore them. Those documents are an "Election of Proceedings" form and a "Seized Asset Claim Form." You should choose one of the options outlined below, indicate your choice on the Election of Proceedings form, and return it, and any other necessary documents, to CBP within the allotted time frame (see each option below). If you check Box 3 on the Election of Proceedings form, you will need to complete the Seized Asset Claim Form or otherwise file a complete claim for judicial forfeiture. Even if you are abandoning the property, you should complete the Election of Proceedings Form and return it to CBP.

Your options are as follows:

1. You may file a petition with this office for the remission of forfeiture within 30 days from the date of this letter in accordance with 19 U.S.C. 1618 and 19 CFR 171.11. The petition does not need to be in any specific form, but it must describe the property involved, identify the date and place of the seizure, include all the facts and circumstances which you believe warrant relief from forfeiture and must include proof of your interest in or claim to the property. All petitions and accompanying documents must be in the English language or accompanied by an English language

By completing Box 1 on the Election of Proceedings form, you are requesting administrative processing. You are requesting CBP <u>not</u> to begin forfeiture proceedings while your petition is pending, or to halt forfeiture proceedings if they have already commenced. However, if the matter has been referred to the United States Attorney for the institution of judicial forfeiture proceedings, your petition will be forwarded to the United States Attorney.

If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 30 days from the date of the initial decision, or 30 days from the date of the supplemental decision, to file a claim to the property requesting a referral to the U.S. Attorney. If you do not act within these time frames, the property may be forfeited to the United States. You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim. <u>See</u> section 5 of this letter for information on how to file a judicial claim. If you take such action, your petition will be considered to have been withdrawn.

If you request a referral to the U. S. Attorney, or if another person asserting an interest in the same property chooses a referral to the U. S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. 983(a)(3).

2. If the seized property is not prohibited entry into the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check, certified check, personal check drawn on a U.S. financial institution made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. 1614 and 19 CFR 162.44. If CBP accepts your offer, the property will be immediately released and the payment or letter of credit will be substituted for the seized property. You may still submit a petition, offer in compromise, or request the matter be referred to the U.S. Attorney's Office. The decision letter on your offer will provide you with the time frames for those options. All offers to pay the full appraised domestic value and accompanying documents must be in the English language or accompanied by an English language translation. They should be filed in duplicate. If you choose this option, you must check Box 1 on the Election of Proceedings form.

If, however, the matter has been referred to the U.S. Attorney for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney.

3. You may, within 30 days of this letter, file an offer in compromise in accordance with 19 U.S.C. 1617 and 19 CFR 161.5 and 171.31. The offer must specifically state that you are making it under the provisions of 19 U.S.C. 1617. If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check, certified check, personal check drawn on a U.S. financial institution made payable to CBP) in the amount of your offer. CBP may only consider the amount of your offer

and will return the full offer if it is rejected. This option may serve to delay the case. All offers in compromise and accompanying documents must be in the English language or accompanied by an English language translation. They should be filed in duplicate. If you choose this option, you should also check Box 1 on the Election of Proceedings form.

If the matter has been referred to the United States Attorney for the institution of judicial forfeiture proceedings, your offer will be forwarded to the United States Attorney.

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim to the property requesting a referral to the U. S. Attorney. If you do not act within the additional 30 days, the property may be forfeited to the United States. You may also request a referral to the U. S. Attorney at any point prior to the issuance of the offer decision. If you take such action, your petition or offer will be considered to have been withdrawn.

4. You may abandon the property or state that you have no interest in it. If you choose this option, you should check Box 2 on the Election of Proceedings form. The Government may proceed with forfeiture proceedings, or address claims from other parties concerning the property, without further involving you.

5. Judicial Proceedings. You may choose to file a claim to the property with this office pursuant to 18 U.S.C. 983(a)(2) by [date not less than 35 days after this notice of seizure is mailed], requesting referral of this matter to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. 983(a)(3). If you choose this option, you should check Box 3 on the Election of Proceedings form and FULLY COMPLETE the attached Seized Asset Claim form or otherwise submit a complete judicial claim as required by 18 U.S.C. 983(a)(2)(C).

6. You may choose to do nothing. If you take no action, this office may initiate forfeiture action.

If you are a holder of a lien or security interest and you do not file a request for judicial proceedings, as stated in option 5 above, you may avail yourself of any of the other options listed above. No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

No matter which box you check on the Election of Proceedings form, you should sign and return the form, along with your petition, offer, or claim (request for judicial proceedings) if those documents are necessary to support the option you chose (see explanation above of your options). A Seized Asset Claim form should only be




1100 Raymond Boulevard
Newark, NJ 07102

**CAFRA Seizure Notice**

**U.S. Customs and Border Protection**

CERTIFIED - RETURN RECEIPT REQUESTED

Case # 2011-1001-000395-01

FEB 15 2011

Igor Seaone Minan
Avda Valle Inclan 41
Perillo A Coruna Spain

Dear Sir/Madam:

This is to officially notify you that Immigration and Customs Enforcement seized the domain names described below at VeriSign, Mountain View, California on February 1, 2011:

ROJADIRECTA.ORG

The appraised domestic value of the property is $ 7.00.

The property was seized and is subject to forfeiture under the provisions of Title 18, United States Codes (U.S.C), Section 2323 for facilitating the trafficking of counterfeit goods through an internet website, under 18 U.S.C. 981 and under 17USC506.

The facts available to CBP indicate that you might have an interest in the seized property. The purpose of this letter is to advise you of the options available to you concerning this seizure. Important documents are attached to this letter. Please do not ignore them. Those documents are an "Election of Proceedings" form and a "Seized Asset Claim Form." You should choose one of the options outlined below, indicate your choice on the Election of Proceedings form, and return it, and any other necessary documents, to CBP within the allotted time frame (see each option below). If you check Box 3 on the Election of Proceedings form, you will need to complete the Seized Asset Claim Form or otherwise file a complete claim for judicial forfeiture. Even if you are abandoning the property, you should complete the Election of Proceedings Form and return it to CBP.

Your options are as follows:

1. You may file a petition with this office for the remission of forfeiture within 30 days from the date of this letter in accordance with 19 U.S.C. 1618 and 19 CFR 171.11. The petition does not need to be in any specific form, but it must describe the property involved, identify the date and place of the seizure, include all the facts and circumstances which you believe warrant relief from forfeiture and must include proof of your interest in or claim to the property. All petitions and accompanying documents must be in the English language or accompanied by an English language

translation. Petitions should be filed in duplicate. If you choose this option, you must check Box 1 on the Election of Proceedings form.

By completing Box 1 on the Election of Proceedings form, you are requesting administrative processing. You are requesting CBP **not** to begin forfeiture proceedings while your petition is pending, or to halt forfeiture proceedings if they have already commenced. However, if the matter has been referred to the United States Attorney for the institution of judicial forfeiture proceedings, your petition will be forwarded to the United States Attorney.

If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 30 days from the date of the initial decision, or 30 days from the date of the supplemental decision, to file a claim to the property requesting a referral to the U.S. Attorney. If you do not act within these time frames, the property may be forfeited to the United States. You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim. See section 5 of this letter for information on how to file a judicial claim. If you take such action, your petition will be considered to have been withdrawn.

If you request a referral to the U. S. Attorney, or if another person asserting an interest in the same property chooses a referral to the U. S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. 983(a)(3).

2. If the seized property is not prohibited entry into the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check, certified check, personal check drawn on a U.S. financial institution made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. 1614 and 19 CFR 162.44. If CBP accepts your offer, the property will be immediately released and the payment or letter of credit will be substituted for the seized property. You may still submit a petition, offer in compromise, or request the matter be referred to the U.S. Attorney's Office. The decision letter on your offer will provide you with the time frames for those options. All offers to pay the full appraised domestic value and accompanying documents must be in the English language or accompanied by an English language translation. They should be filed in duplicate. If you choose this option, you must check Box 1 on the Election of Proceedings form.

If, however, the matter has been referred to the U.S. Attorney for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney.

3. You may, within 30 days of this letter, file an offer in compromise in accordance with 19 U.S.C. 1617 and 19 CFR 161.5 and 171.31. The offer must specifically state that you are making it under the provisions of 19 U.S.C. 1617. If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check,

certified check, personal check drawn on a U.S. financial institution made payable to CBP) in the amount of your offer. CBP may only consider the amount of your offer and will return the full offer if it is rejected. This option may serve to delay the case. All offers in compromise and accompanying documents must be in the English language or accompanied by an English language translation. They should be filed in duplicate. If you choose this option, you should also check Box 1 on the Election of Proceedings form.

If the matter has been referred to the United States Attorney for the institution of judicial forfeiture proceedings, your offer will be forwarded to the United States Attorney.

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim to the property requesting a referral to the U. S. Attorney. If you do not act within the additional 30 days, the property may be forfeited to the United States. You may also request a referral to the U. S. Attorney at any point prior to the issuance of the offer decision. If you take such action, your petition or offer will be considered to have been withdrawn.

4. You may abandon the property or state that you have no interest in it. If you choose this option, you should check Box 2 on the Election of Proceedings form. The Government may proceed with forfeiture proceedings, or address claims from other parties concerning the property, without further involving you.

5. Judicial Proceedings. You may choose to file a claim to the property with this office pursuant to 18 U.S.C. 983(a)(2) by [date not less than 35 days after this notice of seizure is mailed], requesting referral of this matter to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. 983(a)(3). If you choose this option, you should check Box 3 on the Election of Proceedings form and FULLY COMPLETE the attached Seized Asset Claim form or otherwise submit a complete judicial claim as required by 18 U.S.C. 983(a)(2)(C).

6. You may choose to do nothing. If you take no action, this office may initiate forfeiture action.

If you are a holder of a lien or security interest and you do not file a request for judicial proceedings, as stated in option 5 above, you may avail yourself of any of the other options listed above. No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

No matter which box you check on the Election of Proceedings form, you should sign and return the form, along with your petition, offer, or claim (request for judicial

proceedings) if those documents are necessary to support the option you chose (see explanation above of your options). A Seized Asset Claim form should only be completed, signed, and returned if you make a claim and ask for the case to be referred for judicial forfeiture (Option 3 on the Election of Proceedings form).

All correspondence should be addressed to Ms. Lauren Goreczny of my staff at (973) 368-6068 or by Fax at (973) 368-6082.

Sincerely,

Edward P. Nagle
Director, Office of Fines, Penalties, and Forfeitures
Newark/New York Area

Enclosure: CAFRA Election of Proceedings

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 18 U.S.C. 1621, AND MAY BE PUNISHABLE BY A FINE AND IMPRISONMENT



1100 Raymond Boulevard
Newark, NJ 07102

**CAFRA Seizure Notice**

U.S. Customs and
Border Protection

CERTIFIED - RETURN RECEIPT REQUESTED

Case # 2011-1001-000395-01

GoDaddy.com Inc
14455 N Hayden Road Suite 219
Scottsdale AZ 85260

FEB 1 0 2011

Dear Sir/Madam:

This is to officially notify you that Immigration and Customs Enforcement seized the domain names described below at VeriSign, Mountain View, California on February 1, 2011:

ROJADIRECTA.ORG

The appraised domestic value of the property is $ 7.00.

The property was seized and is subject to forfeiture under the provisions of Title 18, United States Codes (U.S.C), Section 2323 for facilitating the trafficking of counterfeit goods through an internet website, under 18 U.S.C. 981 and under 17USC506.

The facts available to CBP indicate that you might have an interest in the seized property. The purpose of this letter is to advise you of the options available to you concerning this seizure. Important documents are attached to this letter. Please do not ignore them. Those documents are an "Election of Proceedings" form and a "Seized Asset Claim Form." You should choose one of the options outlined below, indicate your choice on the Election of Proceedings form, and return it, and any other necessary documents, to CBP within the allotted time frame (see each option below). If you check Box 3 on the Election of Proceedings form, you will need to complete the Seized Asset Claim Form or otherwise file a complete claim for judicial forfeiture. Even if you are abandoning the property, you should complete the Election of Proceedings Form and return it to CBP.

Your options are as follows:

1. You may file a petition with this office for the remission of forfeiture within 30 days from the date of this letter in accordance with 19 U.S.C. 1618 and 19 CFR 171.11. The petition does not need to be in any specific form, but it must describe the property involved, identify the date and place of the seizure, include all the facts and circumstances which you believe warrant relief from forfeiture and must include proof of your interest in or claim to the property. All petitions and accompanying documents must be in the English language or accompanied by an English language

translation. Petitions should be filed in duplicate. If you choose this option, you must check Box 1 on the Election of Proceedings form.

By completing Box 1 on the Election of Proceedings form, you are requesting administrative processing. You are requesting CBP <u>not</u> to begin forfeiture proceedings while your petition is pending, or to halt forfeiture proceedings if they have already commenced. However, if the matter has been referred to the United States Attorney for the institution of judicial forfeiture proceedings, your petition will be forwarded to the United States Attorney.

If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 30 days from the date of the initial decision, or 30 days from the date of the supplemental decision, to file a claim to the property requesting a referral to the U.S. Attorney. If you do not act within these time frames, the property may be forfeited to the United States. You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim. <u>See</u> section 5 of this letter for information on how to file a judicial claim. If you take such action, your petition will be considered to have been withdrawn.

If you request a referral to the U.S. Attorney, or if another person asserting an interest in the same property chooses a referral to the U.S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. 983(a)(3).

2. If the seized property is not prohibited entry into the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check, certified check, personal check drawn on a U.S. financial institution made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. 1614 and 19 CFR 162.44. If CBP accepts your offer, the property will be immediately released and the payment or letter of credit will be substituted for the seized property. You may still submit a petition, offer in compromise, or request the matter be referred to the U.S. Attorney's Office. The decision letter on your offer will provide you with the time frames for those options. All offers to pay the full appraised domestic value and accompanying documents must be in the English language or accompanied by an English language translation. They should be filed in duplicate. If you choose this option, you must check Box 1 on the Election of Proceedings form.

If, however, the matter has been referred to the U.S. Attorney for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney.

3. You may, within 30 days of this letter, file an offer in compromise in accordance with 19 U.S.C. 1617 and 19 CFR 161.5 and 171.31. The offer must specifically state that you are making it under the provisions of 19 U.S.C. 1617. If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check,

certified check, personal check drawn on a U.S. financial institution made payable to CBP) in the amount of your offer. CBP may only consider the amount of your offer and will return the full offer if it is rejected. This option may serve to delay the case. All offers in compromise and accompanying documents must be in the English language or accompanied by an English language translation. They should be filed in duplicate. If you choose this option, you should also check Box 1 on the Election of Proceedings form.

If the matter has been referred to the United States Attorney for the institution of judicial forfeiture proceedings, your offer will be forwarded to the United States Attorney.

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim to the property requesting a referral to the U. S. Attorney. If you do not act within the additional 30 days, the property may be forfeited to the United States. You may also request a referral to the U. S. Attorney at any point prior to the issuance of the offer decision. If you take such action, your petition or offer will be considered to have been withdrawn.

4. You may abandon the property or state that you have no interest in it. If you choose this option, you should check Box 2 on the Election of Proceedings form. The Government may proceed with forfeiture proceedings, or address claims from other parties concerning the property, without further involving you.

5. Judicial Proceedings. You may choose to file a claim to the property with this office pursuant to 18 U.S.C. 983(a)(2) by [date not less than 35 days after this notice of seizure is mailed], requesting referral of this matter to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. 983(a)(3). If you choose this option, you should check Box 3 on the Election of Proceedings form and FULLY COMPLETE the attached Seized Asset Claim form or otherwise submit a complete judicial claim as required by 18 U.S.C. 983(a)(2)(C).

6. You may choose to do nothing. If you take no action, this office may initiate forfeiture action.

If you are a holder of a lien or security interest and you do not file a request for judicial proceedings, as stated in option 5 above, you may avail yourself of any of the other options listed above. No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

No matter which box you check on the Election of Proceedings form, you should sign and return the form, along with your petition, offer, or claim (request for judicial

proceedings) if those documents are necessary to support the option you chose (see explanation above of your options). A Seized Asset Claim form should only be completed, signed, and returned if you make a claim and ask for the case to be referred for judicial forfeiture (Option 3 on the Election of Proceedings form).

All correspondence should be addressed to Ms. Lauren Goreczny of my staff at (973) 368-6068 or by Fax at (973) 368-6082.

Sincerely,

Edward P. Nagle
Director, Office of Fines, Penalties, and Forfeitures
Newark/New York Area

Enclosure: CAFRA Election of Proceedings

**A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 18 U.S.C. 1621, AND MAY BE PUNISHABLE BY A FINE AND IMPRISONMENT**