```
╔══════════════════════════╗
║ USDC SDNY                ║
║ DOCUMENT                 ║
║ ELECTRONICALLY FILED     ║
║ DOC #: _____  ║
║ DATE FILED: 21 JUN 2011  ║
╚══════════════════════════╝
```

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 20, 2011

*6/21/2011*

*The Government's request for an extension to July 11, will be granted*

BY FACSIMILE: (212) 805-6304

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 735
New York, New York 10007

SO ORDERED 21 JUN 2011

*[signature]*

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

Re:   **Puerto 80 Projects, S.L.U. v. United States of America, et al.,**
      **11 Civ. 3983 (PAC)**

Dear Judge Crotty:

On June 13, 2011, Puerto 80 Projects, S.L.U. ("Plaintiff") filed a petition pursuant to Title 18, United States Code, Section 983(f)(3), seeking the immediate return of two Internet domain names that were seized by the Government on February 1, 2011. In connection with the filing of that petition, Plaintiff requested that the Government's opposition papers be filed no later than June 23, 2011 and that a hearing be scheduled no later than June 30, 2011. <u>The Government writes to respectfully request that its opposition papers be due by July 11, 2011.</u>

The Government learned on Friday, June 17, 2011, that the Electronic Frontier Foundation plans to move for leave to file an amicus brief in support of Plaintiff's petition today. In addition, the Chief of the Asset Forfeiture Unit, who is directly involved in the supervision of this matter, is out of the country this week, and the undersigned has a pre-planned vacation scheduled for June 25, 2011 through July 4, 2011. The Government believes that a July 11, 2011 deadline for filing opposition papers will afford it sufficient time to consult and address the various issues raised in support of Plaintiff's petition.

On June 20, 2011, I spoke with Plaintiff's counsel, who informed me that they could not consent to the Government's request because they were not authorized to agree to an extension of the thirty (30) day period provided in Section 983(f)(5) for the Court to render a decision on Plaintiff's petition. However, Section 983(f)(5) provides that the Court may extend this 30-day limitation for good cause shown. The Government respectfully submits that given that Plaintiff

**MEMO ENDORSED**

The Honorable Paul A. Crotty
June 20, 2011
Page 2

waited more than four months from the date of the Government's seizure to file its petition, such an extension is appropriate and will not only afford the Government an opportunity to respond in a meaningful way, but also allow the Court time to consider the parties' submissions. The Government thus respectfully also requests that any hearing in this matter be scheduled after July 11, 2011.

        Thank you for your attention to this matter.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By: _____
        Christopher D. Frey
        Assistant U.S. Attorney
        (212) 637-2270

cc:    David Spears, Esq. (By facsimile)
      Ragesh Tangri, Esq. (By facsimile)

# SPEARS & IMES LLP

51 Madison Avenue
New York, NY 10010
tel 212-213-6996
fax 212-213-0849

David Spears
tel 212-213-6991
dspears@spearsimes.com

June 20, 2011

**BY FAX**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
Daniel Patrick Moynihan Courthouse
New York, New York 10007

> Re: <u>Puerto 80 Projects, S.L.U. v. United States</u>
> 11-CIV-3983 (PAC)

Dear Judge Crotty:

With Durie Tangri LLP, we are counsel for Petitioner in this proceeding. We filed and served the Petition one week ago today on behalf of our client, Puerto 80 Projects S.L.U. ("Puerto 80"). The Petition, which Puerto 80 filed pursuant to 18 U.S.C. Section 983(f), seeks the immediate and temporary return of Puerto 80's domain names, rojadirecta.com and rojadirecta.org, which were seized by Customs Enforcement of the Department of Homeland Security ("ICE") on January 31, 2011 pursuant to warrants issued in this District. Prior to the seizure, those domain names pointed to the Rojadirecta website.

As set forth in the Petition, ICE obtained seizure warrants based on an ICE Agent's assertion that probable cause existed to believe that the domain names were being used to commit criminal violations of copyright law. Contrary to the grounds on which the domain names were seized, the Rojadirecta site is not violating copyright law, let alone criminal copyright law. In fact, a Spanish court previously held that the Rojadirecta site does not violate copyright law, and that ruling was affirmed by the Spanish appellate court.

The immediate release of the subject domain names is warranted under Section 983(f) pending the commencement and resolution of any forfeiture proceedings, should the government ever choose to initiate any. There is no risk that the domain names will be unavailable for any eventual trial because they are registered with U.S.-based registrars and could easily be re-seized by the government at any time; and Puerto 80 will continue to suffer substantial hardship – a significant reduction in traffic to the Rojadirecta site and inability of many of its users to access their accounts, in addition to a deprivation of First Amendment rights – if the domain names are not immediately returned to Puerto 80.

Honorable Paul A. Crotty                                                            -2-

       Section 983(f) requires this Court to rule on the Petition within 30 days of filing, by July 13. The government has had ample notice (since February) of Puerto 80's intent to file this Petition if we were unable to reach a resolution, and it was notified on Friday, June 11 that the Petition would be filed the following Monday. In its Petition, Puerto 80 requested that the Court set a hearing at the earliest date convenient for the Court's calendar, and preferably no later than June 30, 2011, and further requested that the Court direct that the government's opposition papers be filed no later than June 23, 2011. Puerto 80 also requested that the Court allow amicus submissions on or before June 20, 2011 regarding the issues raised in this Petition. We understand that the Electronic Frontier Foundation intends to file an amicus brief today.

       This is a matter of considerable urgency for Puerto 80. We gave the government a draft of the Petition and supporting memorandum several months ago, and we have had extended discussions with the government since in an effort to reach a resolution. Therefore, the government has been fully aware of Puerto 80's legal and factual arguments for some time. Given the substantial hardship imposed upon Puerto 80 by the seizure, the government's receipt of a draft of Puerto 80's papers months ago, and the fact that the relief requested is temporary and poses no threat to the government's position at any eventual trial, we respectfully request that the Court set a schedule now that requires the government to file its opposition by June 25 and sets a hearing date of June 30 or as soon thereafter as possible.

       We understand that the government will respond directly to the Court regarding this letter.

Respectfully,

*David Spears*

David Spears

cc:   AUSA Christopher Frey
       Ragesh Tangri, Esq.
       Johanna Calabria, Esq.

## SPEARS & IMES LLP

51 Madison Avenue
New York, NY 10010
tel 212-213-6996
fax 212-213-0849

David Spears
tel 212-213-6991
dspears@spearsimes.com

June 21, 2011

**BY FAX**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
Daniel Patrick Moynihan Courthouse
New York, New York  10007

Re: Puerto 80 Projects, S.L.U. v. United States
11-CIV-3983 (PAC)

Dear Judge Crotty:

  I write briefly in response to Mr. Frey's letter to the Court dated June 20, 2011, and in particular to respond to his suggestion that Puerto 80 engaged in delay in waiting four months to file its Petition. Counsel for Puerto 80 have been in continuous contact with the United States Attorney's Office since the time when the seizure first occurred. Specifically, counsel for Puerto 80 made substantial efforts to reach a resolution with the United States Attorney's Office, including having multiple meetings and telephone conferences, providing legal authority, and submitting a form of settlement agreement. While this effort to reach a resolution was ultimately unsuccessful, counsel deemed it advisable to defer filing a formal legal challenge to the seizure while we were attempting to negotiate a settlement. We do not believe that this effort, which necessarily took time, should be held against Puerto 80 in the present context, particularly when the government has had in its possession since February 17, 2011, a complete draft of the Petition and supporting papers, which were provided to them as a courtesy at the outset of the negotiation process.

Respectfully,

David Spears

cc: AUSA Christopher Frey (by electronic mail)
   Ragesh Tangri, Esq.
   Johanna Calabria, Esq.