USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: August 4, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

PUERTO 80 PROJECTS, S.L.U.,

Petitioner,

- against -

UNITED STATES OF AMERICA AND, DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

---------------------------------------------------------------X

11 Civ. 3983 (PAC)

***This Order also pertains to:***
11 Civ. 4139 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On or about February 1, 2011, Immigration and Customs Enforcement ("ICE") agents enforced a warrant signed by Magistrate Judge Frank Maas authorizing the seizure of two domain names: Rojadirecta.com and Rojadirecta.org (the "domain names"). In signing the warrant, Magistrate Judge Maas found probable cause to believe that the domain names were subject to forfeiture because they had been used to commit criminal violations of copyright law. On June 13, 2011, Plaintiff Puerto 80 Projects, S.L.U. ("Puerto 80") filed the instant petition for the release of the domain names pursuant to 18 U.S.C. § 983(f). On June 17, 2011, the Government filed its Verified Complaint. On August 2, 2011, the Court conducted a conference and heard oral argument on the instant petition. The Court also set a briefing schedule for Puerto 80's motion to dismiss the Verified Complaint.

For the following reasons, Puerto 80's petition for release of the domain names under § 983 is DENIED.

## LEGAL STANDARD

Under 18 U.S.C. § 983(f)(1), an individual whose property has been seized is entitled to "immediate release" of the seized property where:

> (A) the claimant has a possessory interest in the property;
>
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial;
>
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of the business, preventing an individual from working, or leaving an individual homeless;
>
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
>
> (E) none of the conditions set forth in paragraph (8) applies.

Under § 983(f)(8):

> This subsection shall not apply if the seized property —
>
> (A) is contraband, currency or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
>
> (B) is to be used as evidence of a violation of the law;
>
> (C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or
>
> (D) is likely to be used to commit additional criminal acts if returned to the claimant.

## DISCUSSION

Rojadirecta.com and Rojadirecta.org were websites that collected and organized links to third-party websites which directed visitors to live athletic events and other pay-per-view

presentations which were subject to copyright law. (Gov't Mem. 4.) The websites displayed three categories of links including "Today on Internet TV," "Download last full matches," and "Last video highlights." (Id.) The website also contained several other links, including one labeled "Forums." (Id.)

The Government argues that the domain names should not be released because (i) Puerto 80 has failed to demonstrate a substantial hardship under §983(f)(1)(C); and (ii) because, under § 983(f)(8)(D), the domain names would afford Puerto 80 the ability to commit additional criminal acts. The Government does not discuss the other elements of § 983(f)(1), and so the Court assumes that the Government agrees that Puerto 80 meets these criteria.

**I. Substantial Hardship Under § 938(f)(1)(C)**

Puerto 80 argues that if the Government does not immediately release the domain names, Puerto 80 will be caused substantial hardship, "including but not limited to, depriving it of lawful business in the United States and throughout a substantial part of the world." (Pl. Mem. 9.) In addition, "continued seizure of the domain names infringes on Puerto 80's users' and readers' First Amendment rights, thus imposing further hardship." (Id.) In support of their substantial hardship assertion, Puerto 80 notes that Rojadirecta has experienced a 32% reduction in traffic since the seizure and that continued seizure will cause further erosion of goodwill and reduction in visitors. (Id.)

As the Government points out (and as Puerto 80 admits), however, Puerto 80 has, since the seizure, transferred its website to alternative domains which are beyond the jurisdiction of the Government, including www.rojadirecta.me, www.rojadirecta.es, and www.rojadirecta.in. (Gov't Mem. 11, Pl. Mem. 10 n.5.) The United States Government cannot seize these foreign domain names, but United States residents can access them without restriction. Rojadirecta

argues that, because "there is no way to communicate the availability of these alternative sites on the .org or .com domains . . . the vast majority of users will simply stop visiting the sites altogether." (Pl. Mem. 10 n.5.) This argument is unfounded — Rojadirecta has a large internet presence and can simply distribute information about the seizure and its new domain names to its customers. In addition, Puerto 80 does not explain how it generates profit or argue that it is losing a significant amount of revenue as a result of the seizure. Specifically, Puerto 80 states that it does not generate revenue from the content to which it links, and it does not claim to generate revenue from advertising displayed while such content is playing. (Seoane Decl. ¶ 5, 10.) Accordingly, the claimed reduction in visitor traffic does not establish a substantial hardship for the purposes of § 983(f)(1)(C).

Puerto 80's First Amendment argument fails at this juncture as well. Puerto 80 alleges that, in seizing the domain names, the Government has suppressed the content in the "forums" on its websites, which may be accessed by clicking a link in the upper left of the home page. (Pl. Mem. 10.) The main purpose of the Rojadirecta websites, however, is to catalog links to the copyrighted athletic events — any argument to the contrary is clearly disingenuous. Although some discussion may take place in the forums, the fact that visitors must now go to other websites to partake in the same discussions is clearly not the kind of substantial hardship that Congress intended to ameliorate in enacting § 983. See 145 Cong. Rec. H4854-02 (daily ed. June 24, 1999) (statement of Rep. Hyde) ("Individuals lives and livelihoods should not be in peril during the course of a legal challenge to a seizure."). Puerto 80 may certainly argue this First Amendment issue in its upcoming motion to dismiss, but the First Amendment considerations discussed here certainly do not establish the kind of substantial hardship required to prevail on this petition.

Accordingly, it is clear that Puerto 80 does not satisfy the substantial hardship requirement of § 983(f)(1)(C). Indeed, the seizure certainly does not "prevent[] the functioning of the business, prevent[] an individual from working, [] leav[e] an individual homeless," or create any other similar substantial hardship. 18 U.S.C. §983(f)(1)(C); see United States v. $6,786 in U.S. Currency, No. 06-cv-1209, 2007 WL 496747, at *2 (N.D. Ga. Feb. 13, 2007). As Puerto 80 has failed to demonstrate hardship, the balancing test discussed in § 983(f)(1)(D) does not apply.

**II. Additional Criminal Acts Under § 983(f)(8)(D)**

A discussion regarding whether Puerto 80 would use the domain names to commit additional criminal acts if the Court granted Puerto 80's petition would necessitate the Court's consideration of whether Puerto 80 has committed criminal acts in the first instance. Given the Court's resolution of the substantial hardship issue above, the Court will defer consideration of this question until it considers Puerto 80's motion to dismiss, which is scheduled to be fully briefed on September 2, 2011. Puerto 80 will have another chance to test the validity of the seizure at that time.

**CONCLUSION**

For the foregoing reasons, Puerto 80's petition is DENIED. The Clerk of Court is directed to close and enter judgment in case number 11 Civ. 3983.

Dated: New York, New York
August 4, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge